UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE EUGENE BRIGGS, JR., )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>CO1 WILLIAM JONES, et al., )<br>)<br>Defendant(s). ) | Case No.  4:21-cv-01200-SRC |

## Memorandum and Order

This matter comes before the Court on review of plaintiff Ronne Eugene Briggs, Jr.'s complaint pursuant to 28 U.S.C. § 1915A.  Plaintiff paid the full filing fee on November 5, 2021.  For the reasons discussed below, the Court finds that plaintiff's excessive-force claims against defendants are sufficient for purposes of 28 U.S.C. § 1915A review.

## Plaintiff's Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Potosi Correctional Center (PCC).  He filed his complaint on October 8, 2021, against the following defendants:  Sergeant Michael Thomson; Correctional Officer William Jones; Correctional Officer Caleb Farris; and Sergeant Ethan Jones.  Plaintiff sues defendants in their individual capacities only.

Plaintiff asserts that on March 31, 2021, he was in 3 house B unit sallyport "yard" area, when he was subjected to the use of force by defendants Thomson, Farris, William Jones and Ethan Jones.  The details set forth in his "Statement of Claim" within the body of his complaint are somewhat vague.  However, plaintiff has attached, and the Court has considered, a full statement of the alleged incident in the Informal Resolution Request (IRR) he filed on April 9, 2021, at PCC, which he has attached to his complaint.  *See* Fed. R. Civ. Pro. 10(c).

Plaintiff alleges that the following occurred prior to the alleged incident with defendants:

On the above date and time Sgt. Thomson was in the bubble when I entered the sally port to inquire about a pair of fleece pants that he never gave me a property removal sheet while I was previously on dis-seg within housing unit 2C cell 1 with inmate Ronnie Allen. I told Sgt. Thomson, "Go get my fleece pants from 2 house closet that you never put in my property, because you were the one who stripped me out and took them from me."

Sgt. Thomson tells me, "I don't have to do shit. Do you know how many inmates come down to the hole with those pair of pants!?!" I told him, "Other people is not my concern at the moment. I know you took my fleece pants personally, so let's not be an …" Sgt. Thomson aggressively say, "O, I'll make sure your fucking pants are in property alright!!" I tell him, "Well do that shit, then," as I'm walking back into B-wing to go into my cell.

As I move a few things around I seen Sgt. Thomson now in the sally port calling me over, I go to him and he tells me, "Step to the side and get the … out of my face," while pointing. I comply and said, "Your [sic] right in front of the door, but alright." Sgt. Thomson tells me, "Don't ever talk to me like that." I asked, "Talk to you like what? I ain't doing nothing wrong but asking you about a pair of fleece pants that was never returned to me when I got out the hole!" CO Jones and CO Farris walks into the sally port from the bubble witnessing the conversation between Sgt. Thomson and I. Sgt. Thomson tells me, "Well cuff up, you're about to spend even more time in the hole!" I asked, "For what? Because I told you to go get my pants?" He said, "For 19, creating a disturbance."

 Plaintiff states that at this point, the situation with Sergeant Thompson grew physical. He claims the following occurred:

Sgt. Thomson grabs my right hand and I pull away and tell him, You on some bullshit Thomson over fleece pants." CO Jones went to grab me and I push him off and he fell while CO Farris and Sgt. Thomson tried to subdue me into restraints. Sgt. Thomson and I fall to the right in a struggle, and I land on my back with him on top of me. I roll the Sgt. off of me and try to get up, but CO Jones and CO Farris had ahold of me so I struggled to get out the grip of these two officers while I'm on my stomach. CO Jones got on my back and decided to stick his fingers in my mouth and pull my cheek so I bit down on his finger, let go, then turned my face to my left. CO Jones put pressure on my neck and back, CO Farris had my right arm pinned and Sgt. Thomson held the left side of my head as he started to punch me repeatedly in the face with his right hand. I instantly started calling for help in my helpless state. The correctional officers were telling me, "Shut the … up," as the Sgt. kept hitting me in the face. I heard more footsteps and felt my legs being grabbed so I started struggling again to get whoever off of me, but it was no use. All of the correctional officers in unison were saying, "Quit resisting put your arms behind your back!" I told them I could[n't] because Sgt. Thomson had my left arm pinned under his knee and CO Farris had my right arm

>pinned.  I couldn't see out of my left eye, but out of my right eye I could see all the blood on the floor that came from my mouth and under my eye that was split open.

Plaintiff asserts that eventually the officers got him in restraints and started to escort him to 2 house.  He claims that Sgt. Jones grabbed his left arm "in an aggressive way" and told plaintiff, "That was my …brother…"  When plaintiff attempted to look at Sgt. Jones, he purportedly shoved plaintiff's head, told him to turn around, and placed a spit mask over his face.  Plaintiff states that when his leg gave out during the walk to 2 house, he fell into the rocks on the side of the pathway. He claims an unknown officer jumped onto his back, and Sgt. Jones rubbed his face into the gravel stating, "This is for my brother…"  Plaintiff alleges that as he got up Sgt. Jones said to Lt. Carver, "Hey Lt. Carver, I believe Briggs said he's suicidal."  Thus, plaintiff was summarily stripped from his clothes and placed in a suicide cell even though he had not declared himself a suicide risk.  Last, plaintiff asserts that Sgt. Jones shoved his head into a doorway as he walked him into 2 house. Plaintiff seeks compensatory and punitive damages in this action.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a).  The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."  28 U.S.C. § 1915A(c).  Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(A)(b).  Here, plaintiff is a convicted state prisoner who is suing employees of a governmental entity.  Therefore, his first amended complaint is subject to 28 U.S.C. § 1915A screening.

3

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

## Discussion

Plaintiff sues defendants for excessive force in violation of the Eighth Amendment. After reviewing his complaint in its entirety, the Court finds that plaintiff's claims against defendants for excessive force are sufficient for purposes of 28 U.S.C. § 1915A review.

Plaintiff claims that he was assaulted by defendants Sergeant Michael Thomson, Correctional Officer William Jones, Correctional Officer Caleb Farris and Sergeant Ethan Jones on March 31, 2019. He claims that defendants used excessive force during the course of removing him from 3 house B unit sallyport "yard" area and walking him into 2 house. These actions included allegedly having his cheek pulled during an altercation by CO Jones, being sat on by Sgt. Thomson and CO Jones and CO Farris while Sgt Thomson repeatedly struck plaintiff in the face and head causing him to bleed, having his head run into a doorway by Sgt. Jones while he was handcuffed and having Sgt. Jones rub plaintiff's face into the gravel while he was handcuffed.

"'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6.

While an inmate need not have suffered a serious injury to maintain an Eighth Amendment claim, the extent of the injury is one factor to be considered in determining whether the use of force was wanton and unnecessary. *Id.* Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* at 9 (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973) ("not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9–10.

Plaintiff alleges he suffered injuries to his face, eyes, mouth and knees. From the facts as alleged, which the Court must take as true, the Court directs the Clerk to issue process on plaintiff's claims of excessive force against defendants in their individual capacities, for purported violations of the Eighth Amendment.

### D. Service of Process

As noted above, plaintiff has paid the required civil filing fee in this matter. Consequently, the Court is not responsible for service of process pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(d) (providing that "[t]he officers of the court shall issue and serve all process"). Pursuant to the Federal Rules of Civil Procedure, service may be effectuated by "[a]ny person who is at least 18

5

years old and *not a party*." *See* Fed. R. Civ. P. 4(c)(2) (emphasis added).  This means that plaintiff must find a qualified person to serve process on the complaint with respect to his claims against defendants in their individual capacities

Ordinarily, plaintiff has ninety (90) days from the filing of the complaint to serve process on defendants.  *See* Fed. R. Civ. P. 4(m).  However, because initial review of plaintiff's complaint has just been completed, the Court allows plaintiff ninety (90) days from the date of this order to complete process on defendants in their individual capacities.  The Court directs the Clerk of Court to prepare summonses for defendants in their individual capacities and deliver the summonses to plaintiff for service.

## Motion for Appointment of Counsel

No constitutional or statutory right to appointed counsel exists in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex.  *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint.  However, plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court.  Additionally, neither the factual nor the legal issues in this case are complex.  As such, the Court denies without prejudice plaintiff's motion for appointment of counsel.

## Conclusion

Accordingly, plaintiff's Eighth-Amendment claims against defendants Sergeant Michael Thomson, Correctional Officer William Jones, Correctional Officer Caleb Farris, and Sergeant Ethan Jones, in their individual capacities survive section 1915A review.  The Court directs the Clerk to send plaintiff copies of the complaint and summonses for defendants Sergeant Michael Thomson, Correctional Officer William Jones, Correctional Officer Caleb Farris, and Sergeant Ethan Jones in their individual capacities.  The Court orders plaintiff to serve the defendants no later than May 19, 2022.  If plaintiff fails to serve the defendants by May 19, 2022, and cannot show good cause for the failure, then the Court will dismiss this case without prejudice.  The Court denies without prejudice plaintiff's [2] motion for appointment of counsel.

So Ordered this 18th day of February 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE