UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE EUGENE BRIGGS, JR., | ) |
| Plaintiff(s), | ) ) ) |
| v. | ) Case No. 4:21-cv-01200-SRC |
| CO1 WILLIAM JONES, et al., | ) ) ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter comes before the Court on the return of unexecuted summonses for defendants Caleb Farris, William Jones, Ethan Jones, and Michael Thomson, Docs. 15, 16, as well as on Briggs's request that the Court provide him with the home address for each of these defendants, Doc. 15. Because the Court has no knowledge of defendants' home addresses and because it is Briggs's responsibility to effectuate service of process under 28 U.S.C. § 1915A, the Court denies Briggs's request. Additionally, the Court reminds Briggs that he has until May 19, 2022, to effectuate service pursuant to Federal Rule of Civil Procedure 4(m).

**Background**

Briggs, an inmate at Potosi Correctional Center (PCC), filed this case on October 8, 2021. He asserts that defendants Sergeant Michael Thomson, Correctional Officer William Jones, Correctional Officer Caleb Farris, and Sergeant Ethan Jones violated his civil rights by subjecting him to excessive force while removing him from 3 house B unit sallyport "yard" area and walking him into 2 house. Briggs alleges he suffered injuries to his face, eyes, mouth, and knees. From the facts alleged, which the Court at this stage takes as true, the Court directed the

Clerk of Court to issue process on Briggs's claims of excessive force against defendants in their individual capacities.

Because Briggs paid the filing fee in full, Briggs is responsible for serving the defendants. *Compare* 28 U.S.C. § 1915A *with* 28 U.S.C. § 1915. Apparently, Briggs sent defendants' summonses by certified mail to their last known work address, Potosi Correctional Center in Mineral Point, Missouri. The summonses were returned unexecuted to Briggs. Docs. 15, 16. Plaintiff asserts in a letter to the Court that the "documents I've sent came back to me because PCC couldn't forward them to the right address." Doc. 15. He asks the Court for each defendant's home address so that he may properly serve them. Doc. 15 p. 2.

## Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Ordinarily, a plaintiff has ninety days from the filing of the complaint to serve process on defendants. *See* Fed. R. Civ. P. 4(m). However, because initial review of plaintiff's complaint was not completed until February 18, 2022, plaintiff has until May 19, 2022, to serve process on defendants in their individual capacities. "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

The Court has no access to defendants' home addresses. The Court further notes that, because plaintiff chose to pay the filing fee in this matter, the Court does not assist with service in this case. The Court only assists with service of process when a plaintiff brings a case in forma pauperis. *See* 28 U.S.C. § 1915(d) (providing that "[t]he officers of the court shall issue

2

and serve all process"). Briggs paid the filing fee in this case, so the Court cannot serve process on defendants for him. However, Briggs may seek an alias summons, that is, a second summons, from the Court for defendants Caleb Farris, William Jones, Ethan Jones and Michael Thomson as soon as he provides addresses where each of the defendants may be served.

Accordingly, the Court denies Briggs's request for defendants' home addresses and orders Briggs to serve the defendants in this case no later than May 19, 2022. If Briggs fails to serve the defendants in a timely manner, the Court will dismiss this case pursuant to Federal Rule of Civil Procedure 4(m).

So Ordered this 7th day of April 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE