UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE EUGENE BRIGGS, JR., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01200-SRC |
| | ) |
| CO1 WILLIAM JONES, et al., | ) |
| | ) |
| Defendant(s). | ) |

### Memorandum and Order

This matter is before the Court on Briggs's motion to compel Potosi Correctional Center to produce his medical records, as well as Briggs's motion for a preliminary injunction requiring Potosi Correctional Center to save camera footage from March 31, 2021, involving the alleged use of force in this case. *See* Docs. 10, 20. Briggs states that he needs a court order to get copies of his medical records from PCC "in order to prepare [his] defense properly throughout these Court proceedings." Doc. 18 at p. 1. In his motion for preliminary injunction, plaintiff does not state a reason for his request for the video footage. Doc. 19 at p. 1. He also does not indicate that PCC is likely to withhold such footage or destroy it. *Id.*

Preliminary injunctions protect the movant from harms alleged in the complaint. To determine whether to grant a preliminary injunction, the Court balances the threat of irreparable harm to the movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of the movant's success on the merits of the suit, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113–14 (8th Cir. 1981) (en banc). A preliminary injunction is an "extraordinary remedy," and the "party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations

omitted). No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Dataphase Sys.,* 640 F.2d at 113.

The Court notes that plaintiff sues defendants Michael Thomson, William Jones, Caleb Farris, and Ethan Jones in their individual capacities. He has not sued PCC, nor has he sued defendants in their official capacities, such that PCC or the State of Missouri would be proper parties. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, PCC is not a party to this lawsuit.

Assuming the Court could properly enjoin nonparty PCC, plaintiff has not demonstrated that he will suffer irreparable harm absent a preliminary injunction. In fact, plaintiff has not attempted to show that he will suffer any harm absent a preliminary injunction. The Court further notes that no evidence suggests that PCC will destroy potentially relevant evidence. Because Briggs fails to show a threat of irreparable harm, the Court denies his motion for a preliminary injunction. *See Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 420 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted."). As for the motion to compel, discovery has not yet commenced in this case. The Court has not issued a case management order or authorized discovery in part because Briggs has not served the defendants. *See* Fed. R. Civ. P. 26(a).

Despite denying Briggs's motions, the Court notes that the individual defendants in this action must preserve potentially relevant evidence under their control. Any failure to preserve such evidence could lead to sanctions for spoliation of evidence. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007).

Accordingly, the Court denies Briggs's [18] motion to compel and [19] motion for a preliminary injunction.

So Ordered this 7th day of April 2022.

*signature*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE